## Case *vs* Day, Administrator of·Ross.

ERROR TO THE BOONE CIRCUIT.

*Scire facias.* ·Judgments.

CHIEF JUSTICE MARSHALL delivered the opinion of the Court. · 

*December* 22.

A joint judgment having been rendered in the Boone Circuit Court, against Joseph Case and two others, a *scire facias* was, many years afterwards, issued from the office of the Boone Circuit Court, to the·county of Bourbon, against the three defendants. And upon the return of the Sheriff of that county, that he had executed it on Case, and that the other defendants were not found, the writ was abated as to the two last, and a judgment rendered against Case.

*Case stated.*

By the act of 1796, (*Stat. Law*, 1429,) no judgment could be rendered upon a *scire facias* without service of process, or two returns of *nihil* by the officer of the proper county, unless the defendant was absent from the Commonwealth. The act of 1801, authorizes, as that of 1796 had done, the *scire facias* to issue to any county in which the defendant may reside, and authorizes a judgment upon ·two returns of "not found," but says in effect, that upon one such return, another *scire facias* shall issue, and that if the second shall be returned "not found," it shall be considered as sufficient service. Under these statutes there is no authority to abate the the *scire facias* as to one or more of several defendants, on the return of "not found," either from the county in which the judgment is rendered, or from any other in which the defendants, as to whom the return is made, may reside. And such a return from a county in which such defendants do not reside, is of no avail unless it be from the county or district in which the judgment was rendered. But if a defendant be absent from the State, that fact properly shown, may perhaps, authorize a judgment as to him. One return of not found, does not authorize the abatement, but another

One return of *nihil* upon a *sci. fa.* does not authorize a judg't nor an abatement as to one of several def'ts, but a return of two *ni hils* by the Sheriff of the county when the judg't was rendered, authorizes a revivor—such re·turn on two *sci. fas.* to another county does not. If a def't has left the State *perhaps* there may be a revivor on the fact being so returned or otherwise properly shown.

PENCE'S HEIRS
vs
DUVALL'S H's.

scire facias may issue, and on a similar return, a judgment may be had, provided these returns be from the proper county: Bruce vs Colgan, (2 Littell, 285;) Lynch vs Sanders, (9 Dana, 60.)

The sci. fa. should pursue the judgment, & the revivor must be joint where the judgment is joint.

In this case there. is no return from the county in which the judgment was rendered. And even if the return of "not found," by the Sheriff of Bourbon, be sufficient, prima facie evidence that the defendants so returned resided in that county, which we need not decide, it was erroneous to abate the writ as to them, and render judgment against the other defendant. The original judgment being joint, the execution of it (or the reversal of it in behalf of the plaintiff's administrator,) should be joint. And as the law furnishes a plain mode for obtaining a joint judgment on the scire facias, for execution according to the original judgment, that mode should be pursued, and there is no reason, nor indeed any authority for departing from it.

Wherefore, the judgment is reversed and the cause remanded for further. proceedings.

E. S. Armstrong for plaintiff; Lindsay for defendant.